UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60172-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA,

vs.

MICHELLE BERRY,

        Defendant.
_____/

**GOVERNMENT'S RESPONSE TO STANDING DISCOVERY ORDER**

      The United States of America hereby files this response to the Standing Discovery Order issued in this case. This response is numbered to correspond to that Order.

- A. 1. There are no written statements made by the defendant.

  2. There are oral statements made by the defendant before or after arrest, in response to interrogation by a person then known to the defendant to be a government agent, which the government will offer in evidence at trial, other than a personal history taken at the time of arrest. See attached documents and recordings regarding post-arrest statements.

  3. The defendant did not testify before the Grand Jury.

  4. The criminal record of the defendant is not attached. The defendant has no known prior convictions.

  5. Books, papers, documents, etc., which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant, may be inspected by making an appointment with undersigned counsel. Such items include, but are not limited to, the bate stamped documents and recordings numbered 1-33 that are attached hereto.

- B. The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made to pursuant to **Rule 16(b) of the Federal Rules of Criminal Procedure**.

- C. The government is unaware of any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady.

- D. The government will produce any information about payments, promises of immunity, leniency, or preferential treatment, made to prospective government witnesses within the scope of Giglio or Napue once which witnesses will testify is decided.

  E.  The government will produce any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial once witnesses are decided.

  F.  The defendant was not identified in a lineup, show-up, photo spread, or similar identification proceeding.

  G.  The government has advised its agents and officers involved in this case to preserve all rough notes.

  H.  The government will advise the defendant prior to trial of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise.

  I.  The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

  J.  A grand jury transcript has not yet been transcribed but will be produced before the taking of testimony at trial.

  K.  A lab analysis of the substances seized is pending. The completed report will be produced upon completion.

  L.  The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that remains in police custody

  M.  The government is unaware of latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the **Federal Rules of Criminal Procedure**, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the **Federal Rules of Criminal Procedure**, in accordance with Rule 12.1 of the **Federal Rules of Criminal Procedure**, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense were:

  1.  Date: June 27, 2013.
     Time: Times mentioned in the attached reports
     Place: 607 NE 29 Drive, #30, Wilton Manors, FL

     Date: June 28, 2013.
     Time: Times mentioned in the attached reports
     Place: 2365 Pine Tree Drive, Apartments 612 and 729, Miami Beach, FL.

The attachments to this response are bate-stamped 1 through 33. Please contact the undersigned Assistant United States Attorney if any pages are missing.

                Respectfully submitted,

                WIFREDO A. FERRER
                UNITED STATES ATTORNEY

By:    *s/ Donald F. Chase, II*
                DONALD F. CHASE, II
                ASSISTANT UNITED STATES ATTORNEY
                Court Number A5500077
                500 East Broward Boulevard, Suite 700
                Fort Lauderdale, Florida 33394
                Tel. (954) 356-7255
                Fax. (954) 356-7336

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 17th day of July 2013 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                *s/ Donald F. Chase, II*
                DONALD F. CHASE, II
                ASSISTANT UNITED STATES ATTORNEY