UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60172-CR-Middlebrooks/Brannon

UNITED STATES OF AMERICA,

        Plaintiff,
v.

MICHELLE BERRY,

        Defendant.
_____

**MOTION TO DETERMINE COMPETENCY OF DEFENDANT**

The defendant, MICHELLE BERRY, by and through the undersigned attorney, requests this Honorable Court set a hearing pursuant to 18 U.S.C. § 4241 to determine competency of the defendant and to appoint the staff psychiatrist at the Federal Detention Center in Miami, Florida to perform an evaluation to determine competency to stand trial and insanity at the time of the offense.

On July 17, 2013, the undersigned attorney was appointed by the court to represent the defendant in this case. The defendant had been released on bond with a condition that she attend in-patient drug treatment.

On August 19, 2013, this court found the defendant violated her bond. Within a week of being admitted to the Spectrum residential drug treatment facility, she was expelled for failing to comply with their rules. In addition, the supervising Pretrial Services officer reported that the defendant was having trouble complying with their simple requests.

Since being appointed, counsel has met with the defendant twice and had numerous telephone conferences with her. Counsel has observed very manic behavior by the defendant and

an inability to comply with simple instructions. The court made these same observations during the bond violation hearing.

Defense counsel believes the defendant may presently suffer from a mental disease or defect that renders her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense. The defendant reports being treated for major anxiety but has been inconsistent in taking prescribed medication. Counsel is concerned that the defendant's mental disorder may extend beyond this diagnosis.

More specifically, defense counsel believes the defendant may be suffering from bipolar disorder. Counsel has observed both manic and depressive states in this defendant.  This disease not only renders the defendant unable to stand trial but may also give rise to the legal defense of insanity.  The defense needs a current evaluation of the defendant not only for the purpose of competency to stand trial, but also insanity at the time of the offense.

These services are necessary for the defense. The Defendant has no resources to obtain such an expert as she is currently incarcerated and is likely to remain so for an extended period of time and has qualified for court-appointed counsel. Counsel is aware of no financial resources for this defendant.

It is requested that this court appoint the staff psychiatrist at the Federal Detention Center in Miami, Florida to perform this evaluation pursuant to 18 U.S.C. § 3006A(e)(1).

This Court may grant an application for authorization to retain an expert at government expense pursuant to 18 U.S.C. §3006A(e)(1) which states:  "Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex part application."

18 U.S.C. § 4241(a) states: "At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant … the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. **The court <u>shall</u> grant the motion,** if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." [Emphasis added.]

The hearing is to be held pursuant to 18 U.S.C. §§ 4241(c) and 4247(d) which requires that the defendant be afforded counsel, an opportunity to testify, to present evidence, to subpoena witnesses, and to confront and cross-examine witnesses.

18 U.S.C. § 4247(b) requires the examination be conducted within 30 days. This time may be extended up to 15 days upon request of the director of the facility if the additional time is necessary to observe and evaluate the defendant.

18 U.S.C. § 4241(b) provides that: "Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)."

18 U.S.C. § 4241(d) directs that: "If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to … assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility …" The statutes then provide for periodic monitoring until the defendant is competent to stand trial.

Defense counsel is court appointed. To save expense to the court, counsel has requested that the mental health evaluation be done by the doctors at the Federal Detention Center in Miami who counsel knows to be legally qualified to perform the kind of evaluation specified in 18 U.S.C. § 4247(b) and issue a report in compliance with 18 U.S.C. § 4247(c).

Counsel has discussed with AUSA Donald Chase the filing of this motion and the relief requested herein. Mr. Chase stated he has no objection.

WHEREFORE, the defendant prays this Honorable Court set a hearing to determine competency to stand trial pursuant to 18 U.S.C. §§ 4241 and 4247, appoint the staff psychiatrist at the Federal Detention Center in Miami, Florida to make this determination, and stay all court proceedings until such time as the defendant is determined to be competent to stand trial.

Date:  August 19, 2013

s/*Randee J. Golder*
Randee J. Golder, Esq. (Fla. Bar. No. 402206)
rjgolder@bellsouth.net
Randee J. Golder, P.A.
PO Box 243756
Boynton Beach, FL 33424-3756
Phone: (561) 503-4398
*Attorney for Defendant Michelle Berry*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 19, 2013, a true and correct copy of the foregoing was served through CM/ECF on all counsel and parties of record on the Service List below.

s/*Randee J. Golder*
Randee J. Golder, Esq.

**SERVICE LIST**
**U.S. v. Michelle Berry**
**Case No. 13-60172-CR-Middlebrooks**
**United States District Court, Southern District of Florida**

AUSA Donald Chase
Email:  Donald.Chase@usdoj.gov
U.S. Attorney's Office
500 E. Broward Blvd, 7th Floor
Ft. Lauderdale, FL 33394-3002
Phone/Fax:  (954) 356-7255/356-7336
Attorney for Plaintiff United States
Served through CM/ECF

Randee J. Golder, Esq.
Email:  rjgolder@bellsouth.net
PO Box 243756
Boynton Beach, FL 33424-3756
Phone: (561) 503-4398
Attorney for Defendant Michelle Berry
Served through CM/ECF