UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60172-CR-Middlebrooks/Garber

UNITED STATES OF AMERICA,

v.

MICHELLE BERRY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

    THIS CAUSE was before the Court by Order of Reference from United States District Judge Donald M. Middlebrooks and the consent of the parties for the acceptance by a United States Magistrate Judge of a guilty plea by the defendant Berry. Pursuant to such reference the Court has conducted a change of plea hearing on November 18, 2013 which was attended by the defendant Berry, her attorney, Randee J. Golder, Esquire, and Assistant United States Attorney Donald F. Chase II. The Court hereby advises as follows:

    1. At the commencement of the change of plea proceedings the Court advised the defendant that she had a right to have these proceedings conducted by the United States District Judge assigned to this case. The defendant was advised that a Magistrate Judge was conducting these proceedings by Order of Reference from the District Judge, based upon the consent of the defendant, her attorney, and the Assistant United States Attorney to whom this cause is assigned, as evidenced by the filing of a Waiver executed by the defendant, her counsel, and government counsel. The Court advised the defendant that the sentence would be imposed by the District Judge, who would make all

findings and rulings regarding such sentence and would conduct a sentencing hearing at a time scheduled by the District Judge.

2. The defendant was advised that she did not have to permit the undersigned United States Magistrate Judge to conduct the change of plea hearing and could request that it be conducted only by a United States District Judge. All parties and counsel agreed and consented to these proceedings being conducted by the undersigned.

3. The Court then conducted a plea colloquy with the defendant consistent with the outline set forth in the Bench Book for District Judges and in conformity with the requirements of Rule 11 of the Federal Rules of Criminal Procedure.

4. The Court advised the defendant of the maximum sentence possibilities as to the offense in the Indictment to which she was pleading guilty. The Court also advised the defendant of the mandatory special assessment of $100.00 which must be paid by the defendant at the time of sentencing.

5. The defendant acknowledged that she was satisfied with the services of her attorney and that she had full opportunity to discuss all facets of her case with her attorney, which she acknowledged that she understood.

6. The defendant Berry pled guilty to the offense contained in the Indictment, charging that on the dates as set forth in the Indictment, in the Southern District of Florida, that she did knowingly and intentionally possess with the intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Sections 841(1)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

7. The defendant was advised that the offense to which she was pleading guilty, carried a statutory mandatory minimum term of ten (10) years imprisonment, with a maximum term of life imprisonment, a fine of up to $10,000,000, as well as a term of supervised release of at least five (5) years up to life following completion of the term of imprisonment. By her plea of guilty the defendant waived her right to contest any forfeiture sought in the Indictment.

8. The defendant waived her right to appeal unless (1) her sentence exceeded that authorized by law, (2) if an upward departure of the sentence was ordered, or (3) if the government appealed. The Court finds that the defendant, following her discussion with counsel and questions by the Court, freely, knowingly, and voluntarily waived her right to appeal with the noted exceptions.

9. The government filed a factual basis, made part of the record and executed by the defendant, her counsel, and the government, for the guilty plea which consisted of all of the essential elements of the offense to which the defendant is pleading guilty.

10. The defendant Berry was remanded back into custody pending sentence. The defendant was referred to the United States Probation Office for the preparation of a Pre-sentence Report.

**Sentencing of the defendant is scheduled for Tuesday, January 21, 2014 at 11:30 A.M. before U.S. District Judge Donald M. Middlebrooks, in a his Courtroom on the 11th Floor of the James Lawrence King Federal Justice Building, 99 NE 4th Street, Miami, Florida 33132**.

Accordingly, and based upon the foregoing and the plea colloquy conducted in this cause, the undersigned hereby

RECOMMENDS that the defendant be found to have freely and voluntarily entered her guilty plea to the Indictment, that her guilty plea be accepted, that she be adjudicated guilty of such offense,

and that a sentencing hearing be conducted for a final disposition of this cause on the date set forth above.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge Donald M. Middlebrooks. See 28 U.S.C. §636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 18th day of November 2013.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE